## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TERRY BURDETTE TUTEN,

      Plaintiff,

v.                                                           Case No. 3:24-cv-495-TJC-LLL

WARDEN OF RMC LAKE BUTLER,
et al.,

      Defendants.

_____

### ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this action by filing a pro se Civil Rights Complaint. See Doc. 1. He is proceeding as a pauper, see Doc. 15, on an Amended Complaint, see Doc. 19. He sues the following Defendants: Warden of RMC Lake Butler, Captain Salyard, "Unknown Officer," Officer Cavazos, L.T. Cartwright, "All Medical Staff," and "Supervisor/Head of All Operations." See id. at 1-4.

Plaintiff alleges that April 30, 2022, he found out that his mother passed away and asked Officer Brown for "time alone" because he was experiencing a psychological emergency. Id. at 6. According to Plaintiff, Brown denied his request and sent him to his cell. Id. Plaintiff, who asserts he was in a wheelchair at that time, contends he went back to his cell and laid down. Id. When he woke up around 12:50 a.m., Plaintiff noticed that his wheelchair was missing, so he

"tried to hobble around to find it and fell down" on his knee that had been previously broken in three places. Id.

When he fell, Plaintiff bit his tongue, and because of the pain, he began screaming for help. Id. He asserts that Sgt. Pittman, Defendant Cartwright, and Defendant Cavazos then approached him and ordered Plaintiff to kneel. Id. Plaintiff tried to tell them about his broken knee, but the officers disregarded his injury and forced him to kneel while they applied hand and ankle restraints. Id. Plaintiff contends he then begged the officers to transport him in a wheelchair, but they continued to disregard his pleas and forced him to walk on his broken knee. Id. According to Plaintiff, he stumbled and some of the blood from his bitten tongue got on Defendant Cartwright and Sgt. Pitman, and after his stumble, "the attack started." Id. at 7.

Plaintiff alleges that Defendant Cartwright started punching Plaintiff in the face while Defendant Cavazos and Sgt. Pitman dragged him away from medical and toward the barber shop. Id. When the officers told Plaintiff they were going to "f**k [him] up," Plaintiff maintains he began resisting. Id. According to Plaintiff, the violent attack then worsened and Defendants Cartwright, Salyard, Cavazos, and Sgt. Pitman pushed, dragged, kicked, prodded, punched, and stomped on Plaintiff for 2-to-3 minutes while Plaintiff begged for his wheelchair. Id. After the attack, he contends officers took him to medical where Defendant Cartwright "forced the nurse" to "sadistically" insert

2

a catheter into Plaintiff. <u>Id.</u> He further asserts that his face and neck were so swollen and bruised that medical sent him to Jacksonville Memorial Hospital for scans. <u>Id.</u> Plaintiff alleges he returned to RMC around 7:00 a.m. the next morning and the intake officer tried to forge or conceal Plaintiff's hospital visit by removing Plaintiff's hospital wristband and throwing it away. <u>Id.</u> at 8.

Plaintiff asserts the attack caused him to suffer bruised, cracked ribs; black eyes; a swollen face and neck; a fractured orbital bone and jaw; loose and chipped teeth; a "broken leg/knee"; and mental anguish. <u>Id.</u> at 9. As relief, he requests monetary damages. <u>Id.</u>

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) this deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted);

Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nevertheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to

4

include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Absent well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

Liberally read, Plaintiff's Amended Complaint fails to state a plausible § 1983 claim against Defendants "Unknown Officer," "All Medical Staff," Warden of RMC Lake Butler, and "Supervisor/Head of All Operations" because he fails to allege any facts connecting those Defendants to an alleged constitutional violation. Indeed, he does not include any factual allegations as to any of these Defendants, and thus fails to state a claim against them.

5

To the extent that Plaintiff tries to hold any of those Defendants liable based on the theory of respondeat superior, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Plaintiff does not allege that any supervisory Defendant personally participated in any unconstitutional conduct, the viability of his supervisory claims depends on whether he plausibly alleges a causal connection between those Defendants' actions or inactions and the alleged constitutional deprivation.

Plaintiff may show the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Here, Plaintiff does not allege facts supporting even an inference of a causal connection between Defendants "Unknown Officer," "All Medical Staff," Warden of RMC Lake Butler, and "Supervisor/Head of All Operations" and the other Defendants' alleged use of force. For example, he does not allege a history of widespread abuse, nor does he allege that any Defendant knew of a need to train their subordinates and did not do so. And Plaintiff does not identify a policy or custom that caused any alleged constitutional violation. Thus, Plaintiff has not plausibly alleged a causal connection between any action or inaction of Defendants "Unknown Officer," "All Medical Staff," Warden of RMC Lake Butler, or "Supervisor/Head of All Operations" and a violation of his constitutional rights.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.    The claims against Defendants "Unknown Officer," "All Medical Staff," Warden of RMC Lake Butler, and "Supervisor/Head of All Operations" are **DISMISSED without prejudice**, and the Clerk shall terminate them as Defendants in this case.

2.    A separate Order will enter regarding service of process on the remaining Defendants.

**DONE AND ORDERED** in Jacksonville, Florida, on May 14, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:    Terry Burdette Tuten, #R47127

8