**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TERRY BURDETTE TUTEN,

Plaintiff,

v. Case No.: 3:24-cv-495-TJC-LLL

CAPTAIN SALYARD,
et al.,

Defendants.

---

**ORDER OF PARTIAL DISMISSAL**

Plaintiff Terry Burdette Tuten, a Florida state prisoner, proceeds pro se and as a pauper on his Amended Complaint under 42 U.S.C. § 1983. Doc. 19. Generally, Tuten alleges that on April 30, 2022, correctional officers at the Florida Department of Corrections Reception and Medical Center ("RMC") in Butler, Florida, used excessive force while restraining him. An earlier screening order dismisses without prejudice Tuten's claims against unnamed officers and medical staff for failure to state a claim. Doc. 20. Tuten now proceeds against three remaining correctional officers in their official and individual capacities: Captain Salyard, Officer Cavazos, and L.T. Cartwright.

Defendants Salyard, Cavazos, and Cartwright move to dismiss the Amended Complaint on four grounds: (1) Tuten falsely certified his disclosure

of litigation history; (2) they are entitled to Eleventh Amendment immunity in their official capacities; (3) Tuten fails to state a claim for a violation of the First Amendment; and (4) punitive damages are statutorily barred. Doc. 26. Tuten responds in opposition. Doc. 31.

## I. Tuten's Amended Complaint

Tuten alleges that on April 30, 2022, he learned that his mother passed away and asked Officer Brown for "time alone" because he was experiencing a psychological emergency. Doc. 19 at 6. According to Tuten, Brown denied his request and sent him to his cell. Id. Tuten, who was in a wheelchair at that time, returned to his cell and laid down. Id. When he woke up around 12:50 a.m., Tuten noticed that his wheelchair was missing, so he "tried to hobble around to find it and fell down" on his knee that had been previously broken in three places. Id.

When he fell, Tuten bit his tongue, and because of the pain, he began screaming for help. Id. Sgt. Pittman, Defendant Cartwright, and Defendant Cavazos approached him and ordered him to kneel. Id. Tuten attempted to tell them about his broken knee, but the officers disregarded his injury and forced him to kneel while they applied hand and ankle restraints. Id. Tuten begged the officers to transport him in a wheelchair, but they continued to disregard his pleas and forced him to walk on his broken knee. Id. Tuten stumbled and some of the blood from his bitten tongue got on Defendant Cartwright and Sgt.

Pittman. Id. After his stumble, "the attack started." Id. at 7.

Defendant Cartwright punched Tuten in the face while Defendant Cavazos and Sgt. Pittman dragged him away from medical and toward the barber shop. Id. When the officers told Tuten they were going to "f**k [him] up," Tuten began to resist being placed in confinement. Id. "The violent attack worsened," and Defendants Cartwright, Salyard, Cavazos, and Sgt. Pittman pushed, dragged, kicked, prodded, punched, and stomped on him for two-to-three minutes, while Tuten begged for his wheelchair. Id.

After the attack, officers took Tuten to medical where Defendant Cartwright "forced the nurse" to "sadistically" insert a catheter into him. Id. Tuten's face and neck were so swollen, bruised, and bloody that medical sent him to Jacksonville Memorial Hospital for scans. Id. Tuten returned to RMC around 7:00 a.m. the next day. Id. at 8. The intake officer tried to forge or conceal Tuten's hospital visit by removing and discarding Tuten's hospital wristband. Id. Tuten retrieved the wristband from the trashcan. Id.

The attack caused Tuten to suffer bruised and cracked ribs, black eyes, a swollen face and neck, a fractured orbital bone and jaw, loose and chipped teeth, a broken leg/knee, and mental anguish. Id. at 9. As relief, Tuten seeks to recover monetary damages. Id. He invokes his rights under the 1st, 4th, 8th and 14th Amendments. Id. at 3.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, all reasonable inferences should be drawn in favor of the plaintiff. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (1998). However, the "leniency" provided to pro se litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (cleaned up). "The relevant question is what claims the parties made, not what claims could have been made." Bennett v. United States, No. 25-12187, 2026 WL 671692, at *1 (11th Cir. Mar. 10, 2026)[1] (citing Nalco Co. v. Bonday, 142 F.4th 1336, 1341 (11th Cir. 2025)).

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R.

## III. Discussion

### A. Disclosure of Litigation History

Defendants argue this case should be dismissed as a sanction because Tuten falsely certified his litigation history in both his original and Amended Complaint. Doc. 26 at 4–8. Defendants urge the Court to dismiss this action as malicious and to count this case as a strike under 28 U.S.C. § 1915A(b)(1).[2] They emphasize that despite the Court's earlier show cause order that cautioned Tuten his case could be dismissed for his failure to honestly disclose his litigation history, Tuten nevertheless repeated his false answers in his Amended Complaint by failing to disclose at least seven federal cases, two of which count as strikes. Id. at 5.

Tuten responds that he is not a lawyer and complains that "it is hard to gain the necessary help to properly execute civil litigation" while in prison. Doc. 31 at 3. He argues that Defendants should be held responsible for an

App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] Under 28 U.S.C. § 1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer" and must "dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" Furthermore, the "three strikes rule" bars a prisoner from bringing a civil action in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained . . . brought an action . . . that was dismissed [because] it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"undeserved, vicious, and brutal beating." Id. at 1.

The Court acknowledges its inherent authority to manage its docket and dismiss a case when a plaintiff misrepresents his litigation history. McNair v. Johnson, 143 F.4th 1301, 1306 (11th Cir. 2025) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)) ("[A] district court may . . . dismiss a case under its 'inherent authority,' which it possesses as a means of 'managing its own docket so as to achieve the orderly and expeditious disposition of cases.'") (affirming the dismissal without prejudice of a prisoner's § 1983 action for failure to disclose litigation history). However, when a dismissal of a case "has the effect of precluding [plaintiff] from refiling his claim due to the running of the statute of limitations . . . [t]he dismissal [is] thus tantamount to a dismissal with prejudice." Justice v. United States, 6 F.3d 1474, 1482 and n.15 (11th Cir. 1993) (quoting Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981) ("[D]ismissal by the court for punitive or other reasons, even though labelled 'without prejudice,' is, in fact, with prejudice if the statute of limitations has run."). "A district court may use the 'extreme sanction' of . . . dismissing a case with prejudice pursuant to its inherent authority only when '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" McNair, 143 F.4th at 1306 (quoting Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337–38 (11th

Cir. 2005) (explaining circumstances under which a district court may dismiss with prejudice "on motion or sua sponte")).

The limitations period for claims brought under 42 U.S.C. § 1983 is the forum state's personal injury statute of limitations, which is four years in Florida. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (applying Florida's four-year statute of limitations for personal injury actions to claims for deprivations of rights under § 1983). Tuten's action, which he filed April 16, 2024, is based on events that occurred on April 30, 2022. The statute of limitations expired four years after his claim accrued, or April 30, 2026. Therefore, a dismissal of Tuten's case at this time would preclude him from refiling due to the running of the statute of limitations and would operate as a dismissal with prejudice.

Tuten's lack of candor about his litigation history constitutes a "clear pattern of . . . willful contempt." McNair, 143 F.4th at 1306. In its order to show cause issued upon receipt of Tuten's initial Complaint, the Court identified two cases that Tuten should have disclosed: a case dismissed because it failed to state a claim upon which relief may be granted, *i.e.*, a strike, 8:20-cv-1838-WFJ-AEP, and a case relating to the conditions of Tuten's confinement, 8:21-cv-2397-WFJ-AAS.[3] Doc. 3 at 2. The Court cautioned that dismissal "may be warranted

[3] In Tuten v. Izzarian, 8:20-cv-1838-WFJ-AEP, Tuten alleged that jail officials were deliberately indifferent to his serious medical needs. In Tuten v. Nocco, 8:21-cv-2397-

as an abuse of the judicial process" and ordered Tuten to explain "his failure to honestly disclose his litigation history." Id. at 2–3. However, in his response to the show cause order, Tuten offered no explanation for failing to disclose these cases and instead emphasized the "extraordinary circumstances" of Defendants' alleged conduct. Doc. 8.

When Tuten was later permitted to file an Amended Complaint, he again failed to disclose these two cases.[4] Doc. 19 at 12–13. When asked on the standard form whether he has had a "case dismissed based on [the] 'three strikes rule[,]?'" Tuten responded, "No" and "N/A." Doc. 19 at 12. When asked on the standard form whether he has filed "other lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment," Tuten

---

WFJ-AAS, Tuten alleged that his right to bodily privacy was violated while he was a pretrial detainee. Both cases were dismissed with prejudice before he initiated this action.

[4] Defendants correctly identify five other federal actions filed by Tuten: Tuten v. Brooks, 8:17-cv-1443-CEH-J_S (§ 1983 action alleging excessive force during arrest; dismissed for failure to prosecute); Tuten v. Pasco Cnty. Sheriff's Office, 8:17-cv-1501-SDM-AEP (§ 2241 petition seeking immediate release; denied); Tuten v. Zalva, 8:18-cv-1391-CEH-T_W (§ 1983 action alleging wrongful arrest and excessive force during arrest; summary judgment entered for defendants); Tuten v. Pasco Cnty. Sheriff's Office, 8:18-cv-1641-SDM-MAP (§ 2241 petition seeking immediate release; denied); and Tuten v. Nocco, 8:21-cv-2197-SDM-AEP (§ 2241 petition seeking immediate release; denied). The standard form used in the Middle District of Florida does not require the prisoner to disclose his entire litigation history; rather, he must disclose strikes, cases dealing with the same facts, and cases relating to the conditions of confinement. Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner); cf. McNair, 143 F.4th at 107–08 (explaining that the Northern District of Florida requires a prisoner to disclose "all prior state and federal cases").

answered, "No." Id. at 14. Both answers are false. Tuten's repeated failure to accurately answer the questions posed on the standard civil rights complaint form, particularly after the Court identified the two undisclosed cases and instructed him to do so, constitutes willful contempt and blatant disregard for candor.

Nevertheless, the Court cannot go so far as to say that "lesser sanctions will not suffice." McNair, 143 F.4th at 1306. Through its own research, the Court was able to identify and analyze Tuten's litigation history before determining that he could proceed in this action as he was not a three striker and had not previously initiated a case based on the same facts. Tuten's litigation history is now fully understood, and the Court discerns no reason it should impact the substantive resolution of the claims and defenses presented in this case. Under the circumstances presented here, and considering that a dismissal would operate as a dismissal with prejudice that forecloses Tuten's right to refile a claim based on the events of April 30, 2022, the Court declines to impose the "severe sanction" of dismissal with prejudice for Tuten's failure to disclose his litigation history. McNair, 143 F.4th at 1306 ("'[B]ecause of their potency,' a district court's 'inherent powers must be exercised with restraint and discretion.'") (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)).

### B. Eleventh Amendment Immunity for Official Capacity Claims

Defendants argue that they are entitled to Eleventh Amendment immunity to the extent that Tuten sues them in their official capacity. Doc. 26 at 8–9. As state correctional officers, they argue, they may not be sued in their official capacity for monetary damages. Id. Tuten generally disputes Defendants' entitlement to immunity. Doc. 31 at 3.

Official capacity claims are treated as claims against the entity that employs the defendants. See Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (quotation omitted). Thus, a suit against Defendants constitutes a suit against the Florida Department of Corrections. Absent consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265, 276 (1986) (quotation omitted); see also Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014) ("[A] claim for damages against FDOC officers fails because the state officials used in the official capacities are immune from such relief."). Accordingly, Tuten's official capacity claims against Defendants are barred to the extent he seeks monetary damages from them.

### C. Failure to State a First Amendment Claim

Defendants move to dismiss Tuten's Amended Complaint to the extent he attempts to state a First Amendment claim because his pleading is devoid of

any factual allegations about his free speech rights. Doc. 26 at 9. Tuten neglects altogether to respond to this argument. Doc. 31.

"'The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech.'" O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003)). "'[A]n inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement.'" O'Bryant, 637 F.3d at 1212 (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)). Tuten once lists the First Amendment as a basis for his case. Doc. 19 at 3. But, he alleges no facts about his exercise of his right to free speech, such as that he suffered retaliation for his complaints about the conditions of his confinement. Accordingly, he has failed to state a claim under the First Amendment.

Furthermore, the Court need not allow an opportunity to amend this claim if "the district court has a clear indication that the plaintiff does not want to amend his complaint." Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018). Tuten clearly indicates he does not intend to pursue a First Amendment claim because he includes no facts supporting such claim in his Amended Complaint and because when faced with Defendants' dismissal argument, Tuten made no attempt to argue that he could plead a First Amendment claim. Accordingly, to the extent Tuten intended to pursue a First

Amendment claim, such claim is dismissed with prejudice.

**D. Punitive Damages**

Finally, Defendants argue that Tuten's claim for punitive damages must be dismissed as a matter of law because punitive damages cannot satisfy the strict requirements of 18 U.S.C. § 3626(a)(1)(A). Doc. 26 at 10–17. They argue that § 3626 precludes punitive damages in civil rights cases because such damages are prospective relief, and "punitive damages are never necessary to correct a violation of a federal right." Id. at 11.

Tuten responds that punitive damages are available under the law when the defendants are alleged to have acted with evil, sadistic, or reckless or careless indifference. Doc. 31 at 3. He argues that he has sufficiently alleged Defendants acted with the requisite intent to justify punitive damages. Id. at 4.

Section 3626 provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A). The statute defines "prospective relief" as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7).

Defendants are correct that punitive damages are considered "prospective

relief" under § 3626. See Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"), abrogated on other grounds by Kingsley v. Hendrickson, 576 U.S. 389, 395 (2015)). However, Defendants offer—and the Court is aware of—no binding precedent that punitive damages are precluded in civil rights actions.[5] See Hoever v. Marks, 993 F.3d 1353, 1364 n.5 (11th Cir. 2021) ("declin[ing] the government's invitation to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626, as it [fell] outside the scope of the en banc briefing question posed to the parties"). Furthermore, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. Hoever, 993 F.3d at 1364. And, it has held "[p]unitive damages are appropriate [in § 1983 cases] where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1089 (11th Cir. 1986); see also Smith v. Wade, 461 U.S. 30, 56 (1983) (same). Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. See Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights—42 U.S.C. § 1983 Claims—Damages § 5.13 (Dec. 2025). Thus, the Court declines to hold that § 3626 bars punitive

[5] Defendants acknowledge this lack of binding precedent and present this argument "to preserve the issue for appellate review." Doc. 26 at 13.

damages in this § 1983 action. See Hamze v. Morgan, No. 3:23-cv-1394-JEP-LLL, 2026 WL 2035894, at *12 (M.D. Fla. July 15, 2026) (rejecting defendants' argument that punitive damages are barred by § 3626).[6]

## IV. Conclusion

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 26) is **GRANTED IN PART and DENIED IN PART**. The motion is granted to the extent that Tuten may not seek monetary damages from Defendants in their official capacity. Additionally, Tuten's First Amendment claim is dismissed with prejudice. The motion is otherwise denied.
2. Tuten's "Motion to Correct and State Clearly for the Record" (Doc. 33) and "Motion Submitting Key Evidence Papers" (Doc. 35) are **DENIED AS MOOT**.
3. Defendants Salyard, Cavazos, and Cartwright must answer the Amended Complaint no later than September 15, 2026.

[6] Although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August 2026.

Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

TpaP-5
C: Terry Burdette Tuten, #R47127
Counsel of record